UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff | § § § | |
| v. | § § § | CIVIL ACTION NO. |
| 2007 BMW 525i,<br>2007 HUMMER H2,<br>2006 Lincoln Mark LT,<br>$2,989.00 IN U.S. CURRENCY,<br>$61,461.00 IN U.S. CURRENCY,<br>　　　　Defendants in rem | § § § § § § | |

**VERIFIED COMPLAINT FOR FORFEITURE IN REM**

1.　United States of America, Plaintiff, files this action for forfeiture against 2007 BMW 525i, 2007 Hummer H2, 2006 Lincoln Mark LT, $2,989.00 in U.S. currency, and $61,461.00 in U.S. currency, Defendants in rem, and alleges the following on information and belief.

*Nature of the Action*

2.　This is an action to forfeit Defendants in rem to the United States pursuant to 21 U.S.C. §§ 881(a)(4), and (6).

*Defendants in Rem*

3.　Defendants in rem are $61,461.00 in U.S. currency, $2,989.00 in U.S. currency, a 2006 Lincoln Mark LT, with a Texas license plate AX37362, VIN

5LTPW18566FJ14915, registered to Carlos Maldonado, 2007 BMW 525i with a Texas license plate DD7H742, VIN WBANE53587CW65634, and a 2007 Hummer H2 with a Texas license plate DS6F257, VIN 5GRGN23U77H100889 registered to Lee Maldonado.

## Jurisdiction and Venue

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1355 because this is an action for forfeiture.

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355 and 1395(a) and (b) because a) the acts or omissions giving rise to the forfeiture occurred in the Southern District of Texas, b) the property was found and is located in the Southern District of Texas, and c) this forfeiture action accrued in the Southern District of Texas.

## Basis for Forfeiture

6. The Defendants in rem are subject to forfeiture pursuant to 21 U.S.C. §§ 881(a)(4) and (6) because they are:

   a. conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in paragraph (1), (2), or (9), [21 U.S.C. § 881(a)] and;

    b. money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; proceeds traceable to such an exchange; or money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

*Facts*

7. In 2012 the U.S. Drug Enforcement Administration (DEA) conducted an investigation into the drug trafficking activities of the Good Times Smoke Shop. This is a business in the Rio Grande Valley area that was engaged in the unlawful sale of "spice" products. "Spice" is an illegal controlled substance. The "spice" products are typically sold under the guise of "tobacco products," or with claims of other "legitimate" uses. They are often marketed as incense or "fake weed" and almost always carry the markings "not for human consumption."

8. On April 18, 2012, DEA McAllen District Office Special Agents initiated an undercover operation targeting the Good Times Smoke Shop owned and operated by Carlos Maldonado located in Edinburg, Texas. As a result of this investigation, an undercover agent purchased five "spice" products from Carlos Maldonado. Four out of the five "spice" products purchased directly from Carlos Maldonado

tested positive for the controlled substance (AM2201).

9. During the undercover buys, Carlos Maldonado provided the undercover with information as to the best "spice" products to purchase. He also provided the undercover with additional information regarding the different potency and flavors of the "spice" products.

10. On July 25, 2012, DEA McAllen Group D81 executed a federal search warrant at the Good Times Smoke Shops located 1908 University Drive, Edinburg, Texas, and seized approximately 2,590 "spice" packages and $2,989.00 from the Good Times Smoke Shops location. During the execution of this search warrant, DEA Agents interviewed Carlos Maldonado, the owner and operator of this particular location. Carlos Maldonado told the Agents that over 50% of his total gross sales came from the sale of illegal "spice." The total gross sales are estimated to be approximately $5,000.00 a day in U.S. currency. Carlos Maldonado told the agents that he treats the proceeds from the sale of "spice" the same way he does for other products he sells. Carlos Maldonado stated that he deposits the revenue made from "spice" in his business bank account and uses that account to purchase more inventory, such as "spice," and pay rent and other bills. Carlos Maldonado also stated to Agents that his business is a "cash" operating business, and that he knows individuals are not supposed to be utilizing "spice" for

human consumption. Carlos Maldonado stated that he buys the "spice" in bulk and re-packages the purchased product for sale.

11.   On the same date, DEA Special Agents went to Carlos Maldonado's residence in Edinburg, Texas. While at the residence, Carlos Maldonado consented to a search of the residence by the agents. During the search, DEA Agents seized approximately 14,621 "spice" packages and $61,461.00 from Carlos Maldonado's residence and 746 "spice" packages from a 2006 Lincoln Mark LT, with a Texas license plate AX37362, VIN 5LTPW18566FJ14915, registered to Carlos Maldonado.

12.   On the same date, DEA Special Agents conducted an interview with Lee Maldonado. During the interview Lee Maldonado stated that he had been selling "spice" at his stores for about two years but he had been selling significantly more "spice" since around late fall of 2011. Lee Maldonado estimated that over 50% of his sales revenue came from the sale of "spice." Lee Maldonado further stated that he treated the sale of "spice" like any other sale in his store. According to Lee Maldonado, the proceeds from the sale of "spice" were deposited into the business bank account. This account is used to pay business expenses including the purchase of more "spice" inventory.

13.   Lee Maldonado further stated that he took most of his "spice" products out

of the store on July 24, 2012, because he received a tip that the DEA would be conducting raids the following day. According to Lee Maldonado, the "spice" was stored at his residence located on Savannah Avenue in McAllen, Texas. Lee Maldonado agreed to turn over the "spice" products located at his residence to the agents and stated he would call someone to retrieve the "spice" and bring it to the store. Lee Maldonado made a phone call to one of his co-workers, and that individual brought approximately 9,893 "spice" packages to the Good Times located 1621 West Edinburg, Texas. Lee Maldonado also gave agents verbal consent to search his residence. While at Lee Maldonado's residence, agents seized a 2007 BMW 525i and a 2007 Hummer H2. Further investigation revealed that both vehicles were purchased in cash with illegal proceeds from the Good Times Smoke Shops.

*Relief Requested*

14. Plaintiff requests:

> A. An arrest warrant pursuant to Rule G(3)(b)(i), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, or as ordered by this Court;
>
> B. A judgment of forfeiture to the United States be decreed against the Defendant in rem; and
>
> C. Costs and such other relief to which the Plaintiff may be entitled.

Date: December 13, 2012.

Respectfully submitted,

Kenneth Magidson
United States Attorney

By: /s/ Albert Ratliff
Albert Ratliff
Attorney-in-Charge
NY Bar No. 1073907
SDTX Bar No. 6764
Assistant United States Attorney
United States Attorney's Office
P. O. Box 61129, Houston, Texas  77208
E-mail albert.ratliff@usdoj.gov
Office (713) 567-9579; Fax (713) 718-3300

## VERIFICATION

I, Martez B. Benas, Special Agent, U.S. Drug Enforcement Administration, declare under penalty of perjury as provided by 28 U.S.C. §1746 that I have read this Verified Complaint for Forfeiture in Rem, and the facts stated in this complaint are true and correct to the best of my knowledge and belief.

Executed on December 13, 2012.

_____
Martez B. Benas